Hon. James D. Benson County Attorney, Dutchess County
This is in response to your letter wherein you ask whether an individual may serve simultaneously as a fire commissioner of a fire district and as the assistant chief of a village fire department with which the fire district in which he is a commissioner contracts for fire protection.
There are no statutory or constitutional prohibitions against the same person holding the two offices mentioned at the same time. Town Law, § 174, subdivision 4, expressly prohibits the holding of the office of fire district commissioner and assistant chief of the fire department of the fire district simultaneously. In the instant case, however, the person is the assistant chief of a village fire department and would not be within the above prohibition. Therefore, we must consider whether there is an incompatibility at common law. The leading case on this subject is People ex rel. Ryan v Green, 58 N.Y. 295 (1874), which held that:
 "Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of one toward the incumbent of the other. * * * The offices must subordinate, one the other, and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law."
The duties of the assistant chief are set forth in Village Law, §10-1018. The powers and duties of a fire commissioner are set forth in Town Law, § 176. As a fire commissioner, he may contract with the village for fire protection and his responsibilities lie to the taxpayers. As an assistant chief, he would be under the direction of a separate board of fire commissioners. Questions of his behavior as assistant chief would not come before the town fire commissioners of which he is a member. He would have no authority as assistant chief to contract with the town and his loyalties to the fire department would not interfere with his responsibilities to the taxpayers. One position would not be subordinate to the other and, therefore, would not give rise to a common law incompatibility.
Accordingly, it is our opinion that a fire commissioner of a fire district may serve at the same time as an assistant chief of a village fire department with which the fire district in which he is a commissioner contracts for fire protection provided that all of the pertinent resident requirements are met.